# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH WELCH, <br><br>    Plaintiff, <br><br>vs. <br><br>MUELLER WATER PRODUCTS, INC., <br><br>    Defendant. | |

## DEFENDANT MUELLER WATER PRODUCTS, INC.'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Mueller Water Products, Inc. ("Mueller") hereby gives notice of removal of this action, captioned *Jeremiah Welch v. Mueller Water Products, Inc.*, bearing case number 22992 from the Circuit Court of Marion County, Tennessee to the United States District Court for the Eastern District of Tennessee. This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL STANDARD

1.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

## PAPERS FROM THE REMOVED ACTION

4. In accordance with 28 U.S.C. § 1446(a), Mueller attaches as **Exhibit A** to this Notice for Removal a copy of all process, pleadings, and orders served upon it in this action.

## THE REMOVED CASE

5. On September 15, 2022, Plaintiff, Jeremiah Welch, filed a civil action against Defendant Mueller. Plaintiff served Mueller on September 19, 2022.

6. This action arises from an alleged accident that occurred on February 24, 2022. Plaintiff, who is not an employee of Mueller, alleges that he delivered a load of steel rods to Mueller's Marion County, Tennessee facility. (Compl., ¶¶ 3-5). Plaintiff alleges that an "unknown employee" of Mueller began removing the metal rods from Plaintiff's truck with a forklift. (Compl., ¶ 7). Plaintiff alleges that the unknown employee dislodged two steel pipes, and one of the pipes fell from the forklift, striking Plaintiff and injuring him. (Compl., ¶¶ 8, 9). As a result of the accident, part of Plaintiff's leg was amputated. (Compl., ¶ 15). Plaintiff alleges that Mueller is vicariously liable for the negligence of the

4859-7842-5399 v1

unknown employee, and that Mueller's conduct was "careless, willful, reckless, negligent, and grossly negligent." (Compl., ¶¶ 12, 13). In his Complaint, Plaintiff seeks a judgment for compensatory damages against Mueller in the amount of $2,500,000.00, and an award of "all discretionary costs and court costs," as well as "such other and further relief as this Court deems reasonable, necessary, and just." (Compl., Prayer for Relief, ¶¶ 1, 2).

## GROUNDS FOR REMOVAL

7. Pursuant to 28 U.S.C. § 1441, Mueller removes this action to the District Court of the United States for the district and division embracing the place where the action is pending. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, as discussed below, removal is timely.

### I. Complete diversity of citizenship exists between the parties.

8. Plaintiff is a citizen of North Carolina for purposes of diversity jurisdiction. Specifically, he has pled that he is a "citizen and resident of the State of North Carolina. (Compl. ¶ 1.)

9. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

10. Applying these principles, Mueller is not a citizen of North Carolina: It is incorporated in the State of Delaware, with its principal place of business in the State of Georgia.

11. Therefore complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is not a citizen of the same state as Mueller.

## II. The amount in controversy is satisfied.

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, "[c]laims for punitive damages should be included . . . unless it is apparent to a legal certainty that such cannot be recovered." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014) (internal quotation marks omitted).

13. Here, the amount in controversy exceeds $75,000, exclusive of interest and costs. The Complaint's prayer for relief seeks a judgment of $2,500,000 against Mueller for compensatory damages. (Compl., Prayer for Relief, ¶ 1). This alone is sufficient to meet the jurisdictional threshold. *See Owens*, 135 S.Ct. 553.

### III. Removal is timely.

14. Mueller received notice of the filing of this action and a copy of Plaintiff's Complaint on September 19, 2022.

15. This Notice of Removal is timely because it is filed within thirty days after Mueller first received a copy of the Complaint and because it is filed less than one year after this action commenced. *See* 28 U.S.C. § 1446(b)(1) and (c).

### VENUE IS PROPER

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 103, 1391, 1441(a), and 1446(a) because the Circuit Court of Marion County, Tennessee, where the Complaint was filed, is a state court within the Eastern District of Tennessee.

### FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. 1446(d), Mueller will promptly file a Notice of Filing, Notice of Removal, attaching thereto a copy of this Notice for Removal and the documents attached to this Notice for Removal, with the clerk of the court for the Circuit Court of Marion County, Tennessee where the State Court Action was pending, and will serve a copy of the same upon counsel for Plaintiff.

18. By filing this Notice for Removal, Mueller does not waive any jurisdictional or other defenses that might be available to it. In addition, Mueller expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and reserves the right to amend or supplement this Notice for Removal.

## CONCLUSION

WHEREFORE, Mueller hereby removes this action from the Circuit Court of Marion County, Tennessee to the United States Eastern District Court for the District of Tennessee.

Respectfully submitted this 17th day of October, 2022.

HENRY, McCORD, BEAN, MILLER & GABRIEL, PLLC

By: /s/*Clifton N. Miller*
      Clifton N. Miller     BPR#014958
      cmiller@henry-mccord.com
      300 N. Jackson Street
      Tullahoma, TN 37388
      (931) 455-9301

      SHOOK, HARDY & BACON L.L.P.
      Jason M. Zager     BPR#
      2555 Grand Blvd.
      Kansas City, MO 64108
      816-559-2076
      jzager@shb.com

      ***Attorneys for Defendant Mueller Water Products, Inc.***

# **CERTIFICATE OF SERVICE**

   I, the undersigned, hereby certify that I have this day forwarded a true and correct copy of the foregoing pleading to the following parties at interest and/or counsel, either by fax, electronic mail, or by placing the same in the United States Mail, postage prepaid:

SUMMERS, RUFOLO & RODGERS, P.C.
Jeffrey W. Rufolo
The James Building
735 Broad Street, Suite 800
Chattanooga, TN 37402
jrufolo@summersfirm.com
T: (423) 265-2385
F: (423) 266-5211

*Attorney for Plaintiff*

                /s/ *Clifton N. Miller*
                Attorney for Defendant